UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:19-cr-149-VMC-AAS

JUNIOR ALBERTO INTRIAGO LOOR

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Junior Alberto Intriago Loor's pro se Motion for Compassionate Release (Doc. # 187), filed on March 28, 2023. The United States of America responded on April 13, 2023. (Doc. # 189). For the reasons set forth below, the Motion is denied.

## I.   Background

Pursuant to a plea agreement, on June 4, 2019, Mr. Intriago Loor pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). (Doc. ## 53, 56, 75). Subsequently, on September 6, 2019, Mr. Intriago Loor was sentenced to a 78-month term of imprisonment and sixty-month term of supervised release. (Doc. ## 137, 142). Mr. Intriago

1

Loor is 30 years old and his projected release date from FMC Butner is October 12, 2024.[1]

In the Motion, Mr. Intriago Loor seeks compassionate release from prison under Section 3582(c)(1)(A), as amended by the First Step Act, because of his medical conditions of hypopituitarism and a residual tumor. (Doc. # 187 at 9). The United States has responded (Doc. # 189), and the Motion is now ripe for review.

## II.  Discussion

The United States argues that the Motion should be denied because Mr. Intriago Loor has failed to exhaust his administrative remedies, has failed to demonstrate that his health conditions are an extraordinary and compelling reason warranting relief, and that the Section 3553(a) factors do not weigh in favor of release. (Doc. # 189). The Court agrees.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Mr. Intriago Loor argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

> Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, Mr. Intriago Loor's request to the Warden for compassionate release was denied on January 23, 2023, and he admits that he did not appeal that denial administratively with the BOP. (Doc. # 187 at 8). The United States is correct that Mr. Intriago Loor was required to appeal the Warden's denial of his request for compassionate release through the BOP to exhaust his administrative remedies. (Doc. # 189 at 2-3).

Regardless, even if Mr. Intriago Loor sufficiently exhausted his administrative remedies by waiting 30 days after he submitted his request for compassionate release to the warden to file this Motion, the Motion is still due to be denied. Mr. Intriago Loor has not demonstrated that his circumstances are extraordinary and compelling.

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; (3) the defendant is at least 65 years old and is experiencing serious deterioration in health due to aging after serving at least 10 years or 75 percent of his term of imprisonment, (4) the death or incapacitation of the caregiver of the defendant's minor children; or (5) the incapacitation of the defendant's spouse when the defendant would be the only available caregiver for the spouse. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a

defendant's sentence."). Mr. Intriago Loor bears the burden
of establishing that compassionate release is warranted. See
United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL
2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the
burden of establishing that compassionate release is
warranted.").

Mr. Intriago Loor argues that his medical conditions are
a terminal illness and substantially diminish his ability to
provide self-care in prison. (Doc. # 187 at 9). True, Mr.
Intriago Loor has serious medical conditions, in particular
hypopituitarism, "a rare disorder in which a person's
pituitary gland fails to produce one or more hormones," and
a residual tumor. (Doc. # 189 at 4; Doc. # 187 at 19). However,
his medical records reflect that these are not terminal
conditions and he is receiving appropriate medical treatment
that enables him to provide self-care in prison. While he has
a craniopharyngioma, which is a benign brain tumor, he has
undergone treatment including a resection of the tumor. (Doc.
# 187 at 18-20; Doc. # 191-2 at 76). Subsequently, in early
February 2023, Mr. Intriago Loor underwent an MRI, which
revealed that the tumor "had overall decreased in size" as a
result of treatment. (Doc. # 191-2 at 23, 79, 102-03). A
recent medical record from March 14, 2023, also notes that

Mr. Intriago Loor's craniopharyngioma is "clinically and radiographically stable." (Doc. # 191-2 at 5). It also appears that the complications to his eyesight caused by Mr. Intriago Loor's illnesses have improved. The recent medical records state that his "diplopia has improved and he no longer has Uthoff's phenomenon."[2] (Id.). In short, while Mr. Intriago Loor still has health issues, he has not proven that these issues, which are being actively treated and monitored, are terminal or substantially limit his ability to provide self-care.

Finally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime. The Court must also determine that Mr. Intriago Loor is not a danger to any other person or the community. U.S.S.G. 1B1.13(2). Here, Mr. Intriago Loor served as the captain of a vessel involved in the trafficking of over 800 kilograms of cocaine. Additionally, the United States is correct that, once he is deported to Ecuador, Mr.

---

[2] Diplopia is double vision. Uhthoff's phenomenon is "a worsening of neurological symptoms related to a demyelinating disorder such as multiple sclerosis when the body becomes overheated in hot weather, exercise, fever, saunas, or hot tubs." (Doc. # 189 at 4 n.2).

Intriago Loor will "be outside the purview and actual supervision of U.S. Probation," posing a risk that he may again engage in drug trafficking. (Doc. # 189 at 6-7). In short, releasing Mr. Intriago Loor when he still has a year and a half left on his relatively low sentence does not reflect the seriousness of the crime or promote respect for the law.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED:**

Defendant Junior Alberto Intriago Loor's pro se Motion for Compassionate Release (Doc. # 187) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of April, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE